**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| HMY REALTY GROUP, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:14-CV-2526-RWS |
| NORMA MAROLBEL, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

On August 5, 2014, Norma Marolbel removed this action to this Court from the Magistrate Court of DeKalb County. [1] On August 6, 2014, Magistrate Judge Russell G. Vineyard entered an Order [2] granting Marolbel's Application to Proceed *In Forma Pauperis* but ordering that service of process not issue because it appeared that the Court lacks subject matter jurisdiction over the case. The case was submitted to the undersigned for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2).

Under § 1915(e)(2)(B), a court must "*sua sponte* dismiss [an indigent nonprisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune."

*Robert v. Garrett*, No. 3:07-cv-625, 2007 WL 2320064, *1 (M.D. Ala. Aug. 10, 2007); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A claim is frivolous under § 1915(e)(2)(B)(I) "if it is 'without arguable merit either in law or fact.' " *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir . 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). A "document filed *pro se* is 'to be liberally construed,' . . . , and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000) (discussing that pro se filings are entitled to liberal construction).

For the reasons discussed below, the Court determines that Marolbel improvidently removed this state court action to this Court.

A defendant may remove a case from state to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). However, "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Thus, a "district court first must determine whether it has original

jurisdiction over the . . . claims" of the party asserting federal jurisdiction. *Id.* Original jurisdiction under § 1441 arises if there is diversity of parties or a federal question. *See* 28 U.S.C. § 1441(b); *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352 n.2 (11th Cir. 2003); *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). "The district court may remand a case sua sponte for lack of subject matter jurisdiction at any time." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Marolbel seeks removal apparently on the grounds that the dispossessory action undertaken by HMY Realty Group ("HMY") has violated 15 U.S.C. § 1692, Rule 60 of the Federal Rules of Civil Procedure, the due process clause of the Fourteenth Amendment, and a state statute, O.C.G.A. § 51-1-6. The Court also examines whether there is diversity jurisdiction. For the reasons discussed below, the Court concludes that the it does not have original jurisdiction over this case and that, as a result, Marolbel improvidently removed this case from the Magistrate Court of DeKalb County.

**1. Diversity Jurisdiction**

Under 28 U.S.C. § 1332, district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between citizens of different states. 28 U.S.C. § 1332(a).

The Court concludes that Marolbel cannot show diversity jurisdiction because she cannot meet the amount in controversy requirement. As this Court has held in a similar context:

> In this case, Defendant has failed to demonstrate that either there is diversity of citizenship between him and Defendant or that the amount in controversy in this matter exceeds $75,000.00. As a dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to the property is not at issue and, accordingly, the removing defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement. *See Novastar Mortgage, Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001) (holding on nearly identical facts that claim for ejectment in summary dispossessory proceeding after foreclosure sale cannot satisfy the amount in controversy requirement as a matter of law). Accordingly, 28 U.S.C. § 1332 cannot serve as a basis for removal.

*Fed. Home Loan Mortg. Corp. v. Williams*, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, *2 (N.D. Ga. Jan. 29, 2008). As a result, Marolbel cannot meet the amount in controversy requirement in this



AO 72A
(Rev.8/82)

dispossessory proceeding and removal is not proper on the basis of diversity of citizenship.

Even if she could satisfy the amount in controversy, diversity of citizenship sufficient to support removal still would not be present in this case. Under § 1332(a), an in-state plaintiff may invoke diversity jurisdiction in a federal court that sits in the state where the plaintiff resides. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The removal statute does not provide an in-state defendant the same flexibility in removing cases. *Id.* at 89-90 ("The scales are not evenly balanced, however[,]" for plaintiffs bringing a case under diversity jurisdiction and for defendants removing a case under diversity jurisdiction.). Instead, § 1441(b) bars removal on the basis of diversity if the "defendant is a citizen of the State in which [the] action is brought." *Id.* at 90 (quoting 28 U.S.C. § 1446(b)); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996). That code section does not permit removal on diversity grounds to the Northern District of Georgia because Defendant is a citizen of the State of Georgia. Stated another way, Defendant, a citizen of Georgia, cannot remove the case to a federal court in Georgia because Plaintiff brought the dispossessory action in Georgia. *See Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989) (holding that defendant's removal of foreclosure



AO 72A
(Rev.8/82)

action brought in an Ohio state court to an Ohio federal court was improper because defendant was a citizen of Ohio); *see also Bregman v. Alderman*, 955 F.2d 660, 663 (11th Cir. 1992) (finding removal improper because although there was diversity of citizenship, two of the defendants were citizens of the forum state).

**2. Federal Question Jurisdiction**

A federal question exists if a civil action is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To remove a case as one falling within federal question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 530-31 (1999); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1013 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on [a federal question] basis, even though a possible defense might involve a federal question."). The removing party bears the burden of proving a federal question exists. *See Friedman v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). For the reasons below, the Court finds that



AO 72A
(Rev.8/82)

Marolbel's grounds for removal do not demonstrate that the Court has federal question jurisdiction over the dispossessory action.

First, the Court concludes that 15 U.S.C. § 1692 does not provide a basis for federal question jurisdiction. This provision of the Fair Debt Collection Practices Act prohibits abusive, deceptive, and unfair debt collection practices by debt collectors against consumers. *See* 15 U.S.C. § 1692(a). There is no indication that HMY pleaded a claim under § 1692 in the state court proceedings. Indeed, it does not make sense that HMY would have raised § 1692 as a basis for dispossessing Marolbel from the residence because HMY's actions are a result of another's debt, so it would not seek protection from collecting the debt. Instead, Marolbel's reliance on § 1692 is only a defense because she asserts that HMY violated § 1692. *See Wells Fargo Bank, N.A. v. Ricotta*, No. 06-cv-1702, 2006 WL 2548339, *1 (D. Colo. Aug. 31, 2006) ("The Defendant's conclusory and uncited assertion that an attempt to foreclose somehow implicates the Fair Debt Collection Practices Act is, at best, an indication that the Defendant intends to assert a federal-law defense or counterclaim to the state-law foreclosure proceeding."). A defense to a civil action does not provide a basis for removal. *See, e.g.*, *Acker*, 527 U.S. at 431 (noting that an actual or anticipated defense does not generally qualify a case



AO 72A
(Rev.8/82)

for removal). As a result, the Court finds that Marolbel has not shown that a federal question exists to permit removal of HMY's state court action on the basis of § 1692. *See also HSBC Mortg. Servs., Inc. v. Cunningham*, No. 1:07-cv-2480-WSD-JFK, 2007 WL 3005337 (N.D. Ga. Oct.12, 2007) (remanding a dispossessory action to the state court for lack of subject matter jurisdiction).

Second, Rule 60 of the Federal Rules of Civil Procedure does not provide a basis for removal on federal question grounds. As a procedural rule, Rule 60 does not provide any substantive rights, and a lawsuit cannot arise under Rule 60. *See Whitaker & Co. v. Sewer Imp. Dist. No. 1 of Dardanelle, Ark.*, 221 F.2d 649, 652 (8th Cir. 1955) (describing the Federal Rules of Civil Procedure as "adjective" and stating that "[s]ubstantive rights are not determined by these Rules"); *Transwestern Pipeline Co., LLC v. 9.32 Acres, More or Less, of Permanent Easement Located in Maricopa County*, 544 F. Supp. 2d 939, 945 (D. Ariz. 2008) ("It is well recognized that the federal rules of civil procedure are just that, and cannot be used to abridge, enlarge or modify substantive rights."); *State Police for Automatic Retirement Ass'n v. Difava*, 164 F. Supp. 2d 141, 156 (D. Mass. 2001) ("[T]he Federal Rules of Civil Procedure do not create independently enforceable rights upon which [a



AO 72A
(Rev.8/82)

plaintiff] may sue."). This Rule therefore does not provide a basis for removal on federal question grounds.

Third, the Court concludes that the Fourteenth Amendment does not provide a basis for removal of HMY's state court action. The Fourteenth Amendment prohibits, in relevant part, any state from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV § 1. Here, Marolbel is relying on the Fourteenth Amendment as a defense to the eviction proceedings by asserting that the state court process violated her due process rights. [*See* Doc. 1-1 at 2]. A defense to civil action does not provide a basis for removal. *See, e.g.*, *Acker*, 527 U.S. at 431 (noting that an actual or anticipated defense does not generally qualify a case for removal). Therefore, the Court concludes that the Fourteenth Amendment's due process clause does not provide this Court with subject matter jurisdiction over the dispossessory action. *See Christiano v. Shapiro*, No. 87-cv-3104, 1987 WL 18778, *1 (E.D.N.Y. Oct. 14, 1987) (remanding case to state court in part because "[p]etitioner's claimed denial of due process [was] collateral to the landlord-tenant action initiated by the landlord").

Finally, O.C.G.A. § 51-1-6 does not provide a basis for federal question jurisdiction because it is a state statute. Marolbel's illogical references to



AO 72A
(Rev.8/82)

alleged violation of 28 U.S.C. § 1367 (addressing supplemental jurisdiction) and 28 U.S.C. § 1446(d) (regarding the procedure for removal of actions) do not cure this problem.

Without federal question or diversity jurisdiction, the Court concludes that it does not have original jurisdiction over HMY's case from state court. As a result, Marolbel has not shown a legitimate basis to remove this dispossessory action to federal court.

## III. Conclusion

For the aforementioned reasons, the Clerk is hereby **ORDERED** to **REMAND** the case to the Magistrate Court of DeKalb County.

**SO ORDERED**, this _19th_ day of August, 2014.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE



AO 72A
(Rev.8/82)